UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODY GORDON f/k/a JODY SIEKMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant CAVALRY SPV I, LLC ("Cavalry" or "Defendant") hereby removes to this Court the above-captioned action from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Business Litigation Section. In support of removal, Cavalry states as follows:

1. Cavalry removes this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

2. As set forth in more detail *infra*, this Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the citizenship of at least one putative class member is different from that of the Defendant, (2) the putative class consists of at least 100 proposed class members, and (3) the aggregate amount placed in controversy by the claims of the plaintiff and the putative individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs.[1]

---

[1] By filing this Notice of Removal, Cavalry does not waive any defenses that may be available to it, and does not concede that the allegations in the Amended Complaint state a valid claim for

**I.      Removal is Timely**

3.      CAFA's 30-day removal period does not begin to run until a pleading, motion, order, or other paper enables the defendant to ascertain that the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1446(b)(1), (3). Defendants "have no independent duty to investigate whether a case is removable." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 76 (1st Cir. 2014). In other words, where a class action complaint does not on its face unambiguously demonstrate that CAFA jurisdiction exists, a defendant is "not required to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277 (6th Cir. 2016). Thus, a defendant is free to conduct its own investigation at any time and can timely remove the case at that time. *Id.*

4.      Plaintiff Jody Gordon commenced this putative class action by filing a Complaint on July 18, 2016, in the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, Civil Action No. 1684CV2251-BLS2 (the "State Court Action"). The Complaint was amended on August 15, 2016. (*See* Am. Compl., attached as Exhibit A). Although Plaintiff seeks damages for alleged statutory violations and unjust enrichment, neither the Complaint, the Amended Complaint, nor any other paper served by Plaintiff, pleads or otherwise identifies the amount of damages that are sought. (*Id.*). Plaintiff also does not estimate or identify the number of individuals in the proposed class other than alleging that it exceeds one hundred members. (*Id.* ¶¶ 20, 27, 39).

5.      Accordingly, the 30-day removal period under CAFA did not accrue and has not expired. Defendant has determined that CAFA jurisdiction exists and therefore this Notice of

---

relief under any applicable law or that a class can be certified.

Removal is timely.

**II.     The Minimal Diversity of Citizenship Requirement Is Satisfied**

6.      Diversity under CAFA is satisfied when "any member of a class of plaintiffs is a citizen of State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

7.      Plaintiff and the putative class are residents of Massachusetts. (Am. Compl. ¶¶ 20, 27, 39). Accordingly, for the purposes of establishing the diversity of the parties, the plaintiffs are Massachusetts citizens.

8.      Cavalry is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business in New York. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Accordingly, for the purposes of establishing the diversity of the parties, Defendant is a citizen of Delaware and New York.

9.      Thus, the citizenship of at least one putative class member is different from the citizenship of the sole defendant for the purposes of satisfying 28 U.S.C. § 1332(d)(2)(A).

**III.    The Putative Class Consists Of More Than One Hundred Members**

10.     Actions are removable under CAFA where the number of members of a proposed plaintiff class is at least one hundred. 28 U.S.C. § 1332(d)(5)(B).

11.     Plaintiff seeks to represent a putative class consisting of "all Massachusetts residents against whom Defendant, on or after July 2012, directly or indirectly took any actions to collect a consumer debt acquired by Defendant after default." (Am. Compl. ¶¶ 20, 27, 39). Plaintiff alleges that this includes at least one hundred class members. (*Id.*).

12.     Therefore, Plaintiff admits, and there is no dispute, that there are at least one

3

hundred class members in the proposed class as required by 28 U.S.C. § 1332(d)(5)(B).

## IV. The Amount In Controversy Requirement Under CAFA Is Satisfied

13. Under CAFA, a federal district court has original jurisdiction over a putative class action with minimal diversity where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. $ 1332(d)(2). CAFA provides that the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

14. Moreover, the amount in controversy for the purpose of establishing removal jurisdiction is measured not solely by the amount of a judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation. *Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S.*, 389 F.3d 1, 3 (1st Cir. 2004); *Hunt v. Wash. State Apple Advt'g Comm'n*, 432 U.S. 333, 347 (1977).

15. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Only after a plaintiff challenges those allegations must the defendant meet a preponderance of the evidence standard. *Id.*; *accord Kurra v. Synergy Computer Sols., Inc.*, No. 15-cv-13952, 2016 WL 5109132, at *4 (D. Mass. Sept. 19, 2016).

16. Plaintiff's putative class claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that the aggregate amount placed in controversy by the claims of the Plaintiff and the proposed class members, measured by the various forms of relief sought, including money damages, disgorgement, and declaratory and injunctive relief, as alleged in the Amended Complaint, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

17. Plaintiff alleges that Cavalry has been unlawfully engaged in the business of

collecting consumer debts in Massachusetts from July 20, 2012 to present because it lacks a debt collection license required by Massachusetts law. (Am. Compl., at p. 1).

18. Plaintiff alleges that because Cavalry lacked the requisite license, "all of Defendant's direct and indirect collection activities directed at Massachusetts consumers," without limitation, were unlawful. (Am. Compl. ¶ 8).

19. Thus, Plaintiff seeks damages on behalf of a class for *all* of Cavalry's collection activities in the form of money damages, disgorgement, and attendant injunctive and declaratory relief. (Am. Comp. at pp. 1, 9, 11, 14 ). Plaintiff also seeks a judgment "doubling or trebling all amounts of money awarded to Plaintiff and class members." (Am. Comp. at p. 14).

20. For the period beginning July 20, 2012 through the present, Cavalry engaged only its affiliate, Cavalry Portfolio Services, LLC, an entity licensed by the Commonwealth as a debt collector, to service its accounts, including but not limited to the collection of those accounts from Massachusetts residents. (Rivera Decl. ¶ 4, attached as Exhibit B).

21. Plaintiff seeks to recover damages for debts collected by Cavalry Portfolio Services, LLC. (*See, e.g.*, Am. Compl. ¶ 8).

22. In 2014 alone Cavalry Portfolio Services, LLC collected $9,818,273.85 from Massachusetts residents on accounts acquired by Cavalry after default. (Ex. B).

23. This year, standing alone, is sufficient to satisfy CAFA's $5,000,000 amount in controversy requirement.

24. Several additional years are included in Plaintiff's proposed class period, which would substantially increase this figure. Plaintiff also alleges that the class is entitled to judgment "doubling or trebling all amounts of money," which if recoverable would substantially increase this figure, as would the value of the declaratory and injunctive relief that Plaintiff seeks on behalf

of the class.

25.     Accordingly, it is evident that the amount in controversy well exceeds the jurisdictional threshold of $5,000,000.

## V.     Jurisdiction is Mandatory

26.     Because the defendant is not citizen of Massachusetts, the state in which this action was originally filed, CAFA's discretionary jurisdiction does not apply and if the jurisdictional prerequisites are met jurisdiction is mandatory. *See* 28 U.S.C. § 1332(d)(3).

27.     None of CAFA's other jurisdictional exceptions apply to this case.

28.     Courts are also mindful that "CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended . . . [that] all doubts [be] resolved in favor of exercising jurisdiction over the case."  *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006) (citing S. Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40).

## VI.    Procedural Compliance

29.     This District embraces the Suffolk County Superior Court, where the State Court Action is pending.  28 U.S.C. § 1441(a).

30.     Promptly after filing this Notice of Removal, Cavalry will give written notice to Plaintiff and to the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, as required by 28 U.S.C. § 1446(d).

31.     In accordance with 28 U.S.C. § 1446(a), copies of all executed process, pleadings, and orders served upon Cavalry in the State Court Action are attached hereto as Exhibit C.

32.     Pursuant to Local Rule 81.1(a), Cavalry shall, within twenty eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the

state court and a certified or attested copy of all docket entries in the state court. *See* LR 81.1(a).

33. Attached as Exhibit D and E are completed copies of the JS44 Cover Sheet and of the local filing category form.

WHEREFORE, Defendant CAVALRY SPV I, LLC respectfully requests that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed to the U.S. District Court for the District of Massachusetts.

> Respectfully submitted,
> CAVALRY SPV I, LLC
> By its attorneys,
>
>
> /s/ Lawrence S. Delaney
> _____
> Joseph L. Demeo, BBO No. 561254
> Lawrence S. Delaney, BBO No. 557063
> Demeo LLP
> 200 State Street
> Boston, Massachusetts 02109
> LDelaney@DemeoLLP.com
> (617) 263-2600

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JODY GORDON f/k/a JODY SIEKMAN, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CAVALRY SPV I, LLC, | )<br>) |
| Defendant. | )<br>) |

**CERTIFICATE OF SERVICE OF**
**NOTICE OF REMOVAL**

I, Lawrence S. Delaney, hereby certify that on this 8th day of June, 2017, the foregoing Notice of Removal was filed through the ECF system, the document will be sent electronically to the registered participants, paper copies will be served via first class mail on those indicated as non-registered participants, and a copy of the Notice of Removal was furnished by first class mail, postage prepaid, to the following:

Kenneth D. Quat, Esq.  
Quat Law Offices  
929 Worcester Road  
Framingham, MA 01701  

Josef Culik, Esq.  
Culik Law, PC  
225 Franklin Street, 26th Floor  
Boston MA 02114  

/s/ Lawrence S. Delaney