## COMMONWEALTH OF MASSACHUSETTS

**Suffolk, ss**                                              **Superior Court Department**
                                                            **Civil No. 1684CV2251-BLS2**

JODY GORDON, f/k/a Jody Siekman,          )
on behalf of herself and all others similarly )
situated,                                  )
                        **Plaintiff**          )
                                           )
v.                                         )
                                           )
                                           )
CAVALRY SPV I, LLC.,                       )
                      **Defendant**          )

## FIRST AMENDED COMPLAINT AND JURY CLAIM

### Introductory Statement

Plaintiff Jody Gordon alleges that Cavalry SPV I, LLC, has been unlawfully

engaged in the business of collecting consumer debts in Massachusetts because it lacks a

debt collection license required by Massachusetts law.  Defendant's conduct has not only

violated the rights of Massachusetts consumers, but has also been criminal in nature.  Plaintiff

brings this action seeking disgorgement of monies unlawfully obtained by Defendant, damages,

and declaratory and injunctive relief.

### Parties

1.  Plaintiff Jody Gordon, formerly known as Jody Siekman, is an individual who at times

relevant to this complaint has resided in Medford, Middlesex County Massachusetts.

2.  Defendant Cavalry SPV I, LLC., is a limited liability company organized under the laws of

the State of Delaware, having a principal place of business in Valhalla,. New York, and

conducting business in the Commonwealth of Massachusetts.

1

## Facts Relating to Defendant's Business Practices, and Relevant Principles of Law

3. "Consumer debts" are monetary obligations incurred primarily for personal, family, or household purposes.   G.L. c. 93, §24; 209 CMR 18.02.

4. During times relevant to this complaint Defendant regularly collected and attempted to collect, directly or indirectly, defaulted consumer debts from Massachusetts residents.  The debts which are the subject of Defendant's collection efforts consist primarily of credit card accounts which Defendant purchases in bulk for pennies on the dollar.  Defendant's collection activities in Massachusetts during the time period covered by this complaint have included, but have not necessarily been limited to, the following:

(a) Debts were reported to consumer reporting agencies such as Trans Union, Experian, and Equifax ("CRAs"), as obligations owed to Defendant.   Credit reporting is a form of debt collection.  *See* 209 CMR 18.16 (8)(debt collector prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed).  *See, also, Brady v. Credit Recovery Co.*, 160 F.3d 64, 65-66 (1st Cir. 1998)(collector violates the Fair Debt Collection Practices Act ("FDCPA") by not informing CRA that alleged debt was disputed by consumer); *Koller v. West Bay Acquisitions, LLC.*, 2012 WL 1189481 *5 (N.D. Cal. April 9, 2012)("credit reporting is one of the most commonly taken steps in debt collection efforts"). On information and belief, thousands of consumer debts allegedly owed by Massachusetts residents were reported to CRAs under Defendant's name.

(b) Lawsuits on the debts were filed and prosecuted against Massachusetts residents in Massachusetts courts, with Defendant named as the plaintiff in each case.  On information and belief, hundreds of such lawsuits have been filed and prosecuted.

(c) Defendant obtained judgments on the debts (usually resulting from the consumer's default), which judgments were often followed by further collection efforts, such as recording executions against consumers' homes, filing and prosecuting motions to attach consumers' bank accounts and consumers' wages, and filing and prosecuting "supplementary process" complaints against consumers in Massachusetts district courts. On information and belief, hundreds of such actions have been taken against Massachusetts consumers in Defendant's name.

(d) Letters seeking payment and/or threatening collection action were sent to Massachusetts consumers by or on behalf of Defendant

(e) Proofs of claim were filed in bankruptcy cases of Massachusetts residents.

5. Under Massachusetts law, a "debt collector" is defined first as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt." G.L c. 93, §24. Defendant has used and continues to use the mails, telephone lines, the electrical grid, wireless communication systems, and other instrumentalities of interstate commerce to evaluate and purchase defaulted debts for purposes of collection, to collect and to attempt to collect debts, and to engage third parties to assist in collecting debts for Defendant, and Defendant's collection of the debts constitutes its principal (if not only) source of income. If Defendant sells or assigns any purchased debts, Plaintiff alleges on information and belief that this only occurs after Defendant has determined that collection efforts are not economically viable.

6. Under Massachusetts law, a "debt collector" is also defined as a person "who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another." G.L c. 93, §24. The statute further provides that a "debt

3

collector" does not include "a person collecting or attempting to collect a debt owed or

due or asserted to be owed or due another to the extent the activity . . . . concerns a debt

which was not in default at the time it was obtained by the person.   G.L. c. 93, §24

(emphasis supplied).  Therefore, entities which seek to collect consumer debts acquired

after default – such as Defendant - are "debt collectors" under this prong of the definition.

*See Gomes v. Midland Funding, LLC.*, 2012 WL 7801376 (Mass. Super. Sept. 19, 2012).

As noted by the Commissioner of Banks in an "Industry Letter" issued June 16, 2006,

this construction is consistent with the position of the Federal Trade Commission and the

rulings of a number of federal courts in construing the identical definition of "debt

collector" under the Fair Debt Collection Practices Act ("FDCPA"), on which the DCL

was modeled.  *See, e.g., Ruth v. Triumph Partnerships*, 577 F.3d 790. 797 (7th Cir.

2009); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173-174 (3rd Cir. 2007).

7.     The Massachusetts licensing statute provides important protections for

Massachusetts consumers.  Before it may operate as a "debt collector," an applicant and

its officers and directors must demonstrate to the Commissioner's satisfaction that their

"financial responsibility, character, reputation, integrity and general fitness . . . are such

as to command the confidence of the public and to warrant the belief that the business . . .

will be operated lawfully, honestly and fairly." G.L. c. 93, §24B(a).  Thus, for example,

the Commissioner may deny a license if the applicant does not have a positive net worth;

has violated any state or federal law governing debt collection practices; has defaulted on

a debt; has committed any dishonest or deceptive act bearing on the applicant's fitness to

function as a debt collector; or has an adverse credit history.  209 CMR 18.04(2)(a); 209

CMR 18.042)(a)– (f).  Debt collection licenses are issued for one-year terms (G.L. c. 93,

4

§24B(b)), and upon request a licensee must disclose such books and records as to enable the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts. G.L. c. 93, §24D.

8.   At no time relevant to this complaint was Defendant licensed as a debt collector in Massachusetts. Therefore, all of Defendant's direct and indirect collection activities directed at Massachusetts consumers, including but not limited to the activities set forth in paragraph 4, above, violated G.L. c. 93, §§24-28. A failure to comply with the Massachusetts licensing statute constitutes a *per se* violation of G.L. c. 93A, §2, and further constitutes a criminal offense. G.L. c. 93, §28. As the statute provides:

> Whoever fails to comply with any provisions of this section
> or sections twenty-four to twenty-seven, inclusive, or any
> regulation promulgated in accordance with the provisions of
> section twenty-four, shall be punished by a fine of not more
> than five hundred dollars or by imprisonment for not more
> than three months, or both.

*Id.*   Thus, all judgments obtained by Defendant in Massachusetts are null and void. *See Finch v. LVNV Funding LLC.*, 212 Md. App. 748, 761, 71 A.3d 193, 200 (Md. Court Sp. Appeal 2013).

9.   A large number of Massachusetts consumers against whom Defendant threatened or took collection action paid money to Defendant. In addition, many of these consumers paid money to attorneys for legal representation in defending against Defendant's actions.

10.   At present Defendant continues to engage in unlicensed debt collection activity against Massachusetts consumers, causing them financial loss and other harm. Massachusetts consumers have been injured and will continue to be injured by Defendant's unlawful conduct unless this Court issues appropriate relief.

## Facts Relating to Plaintiff

11. Defendant attempted to collect a defaulted consumer debt from Plaintiff which Defendant purportedly purchased from M& T Bank. Defendant's collection activities included, but were not necessarily limited to, sending dunning letters to Plaintiff concerning the debt, reporting the debt to consumer reporting agencies, and in May, 2014, suing Plaintiff in the Somerville District Court (docket no. 1410CV000587).

12. Defendant obtained a default judgment against Plaintiff in the Somerville District
ᶜ Court action in the amount of $2,171.30.

13. Plaintiff made a payment to Defendant, as a result of which the judgment was reported to the Court as satisfied in full.

14. At the times of Defendant's collection activities against Plaintiff, Defendant was a "debt collector" under both prongs of the definition set forth in G.L c. 93, §24, but lacked a Massachusetts debt collection license.

## COUNT I: Declaratory and Injunctive Relief

15. The allegations of paragraphs 1 - 14 are incorporated herein by reference as if fully set forth.

16. At all times relevant to this complaint Defendant was required to be licensed by the Massachusetts Division of Banks as a debt collector, but Defendant was never so licensed.

17. All actions taken by Defendant against Plaintiff and other Massachusetts residents, directly or indirectly, in attempting to collect and in collecting consumer debts acquired after default, including but not limited to the actions set forth in paragraph 4, above, were unlawful. Moreover, all legal proceeding filed against Massachusetts residents in a Massachusetts court

are null and void, as such proceedings were criminal in nature and constituted frauds on the courts.

18.   Defendant's conduct caused harm to Massachusetts consumers by, *inter alia*, subjecting them to unlawful collection actions, by unlawfully obtaining monies from them, and by causing them to incur fees and expenses for legal representation.

19.   There is a controversy between the parties regarding the legality of Defendant's debt collection activities and the validity of court judgments obtained by Defendant, including the actions taken and the judgment obtained against Plaintiff.

## Class Allegations

20.   Plaintiff brings Count I on behalf of herself and a class of other persons similarly situated. The class consists of all Massachusetts residents against whom Defendant, on or after July 20, 2012, directly or indirectly took any actions to collect a consumer debt acquired by Defendant after default, including but not limited to the actions set forth in paragraph 4, above. Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability. On information and belief, there are at least one hundred class members, making joinder impracticable.

21.   There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are: (a) whether Defendant was required to be licensed as a "debt collector" in Massachusetts; (b) whether Defendant's unlicensed collection activities violated Massachusetts law; (c) whether judgments obtained by Defendant in violation of the Massachusetts licensing statute are void; and (d) whether Defendant's ill-gotten gains

from its unlicensed collection actions are subject to disgorgement. The only individual

questions involve the specific amounts of money to be awarded to each class member,

which can be addressed and resolved through a ministerial review of Defendant's records

and a straightforward claims process.

22.   Plaintiff's claim is typical of the claims of class members. All claims are

based on the same legal theory, and all arise from the same course of conduct.

23.   Plaintiff will fairly and adequately protect the interests of all class members.

Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar

with the legal and factual issues involved, and has retained counsel experienced in the

litigation of consumer rights cases, including consumer class actions. Neither Plaintiff

nor counsel have any interest or conflict that might cause them to not vigorously pursue

this action.

24.   A class action is superior to other available methods for the fair and efficient adjudication

of this controversy, since: (a) the financial losses suffered by a substantial number of

class members are such that it would be economically unfeasible for them to individually

litigate their claims; (b) the factual and legal issues common to all class members far

outweigh any individual questions; (c) the prosecution of separate lawsuits by individual

class members would entail the risk of inconsistent and conflicting adjudications; and

(d) there will be no unusual or extraordinary management difficulties in administering

this case as a class action.

WHEREFORE, Plaintiff prays that this Court enter judgment:

(a) declaring Defendant's unlicensed debt collection activities directed against Plaintiff

and the class to be in violation of Massachusetts law;

(b) declaring all judgments obtained by Defendant against Plaintiff and class members to

be null and void;

(c) declaring all executions, liens, attachments, garnishments, levies, and

asset seizures obtained or directed against class members to be null and void;

(d) ordering Defendant to disgorge all monies obtained from or on behalf of class

members due to its unlawful collection activities;

(e) ordering Defendant to take all necessary steps, within thirty (30) days of judgment,

to have all pending lawsuits and all pending post-judgment collection actions

against class members dismissed;

(f) enjoining Defendant from attempting to collect or collecting any defaulted

consumer debt in Massachusetts without a license as required by law;

(g) ordering such further relief as shall be just and proper.

### COUNT II: Unjust Enrichment

25. The allegations of paragraphs 1 – 24 are incorporated herein by reference as if

fully set forth.

26. Defendant has been unjustly enriched by obtaining monies from Plaintiff and

other Massachusetts consumers as a result of one or more of the unlawful debt collection

activities described in paragraph 4, above.

### Class Allegations

27. Plaintiff brings Count II on behalf of herself and a class of other persons similarly

situated. The class consists of all Massachusetts residents from whom or on whose

behalf Defendant received, on or after July 20, 2013, any money toward payment of a

consumer debt acquired after default (including interest, costs, and attorney's fees) as a

result of any actions taken to collect a consumer debt acquired after default, directly or

indirectly, including but not limited to those actions set forth in paragraph 4, above.

Excluded from the class are all past and present employees, agents, officers, and directors

of Defendant, and persons who have released Defendant from liability.  On information

and belief, there are at least one hundred class members, making joinder impracticable.

28.   There are questions of law and fact common to the class, which common issues

predominate over any issues peculiar to individual class members. The principal

common issues are whether Defendant's unlawful collection actions as set forth in

paragraph 4 violated Massachusetts law.  The only individual questions involve the specific

amounts of money to be awarded to each class member, which can be addressed and resolved

through a ministerial review of Defendant's records and a straightforward claims process.

29.    Plaintiff's claims are typical of the claims of class members.  All claims are

based on the same legal theory, and all arise from the same course of conduct.

30.   Plaintiff will fairly and adequately protect the interests of all class members.  Plaintiff is

committed to a vigorous and successful prosecution of this action, is familiar with the legal and

factual issues involved, and has retained counsel experienced in the litigation of consumer rights

cases, including consumer class actions.  Neither Plaintiff nor counsel have any interest or

conflict that might cause them to not vigorously pursue this action.

31.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy, since: (a) the financial losses suffered by a substantial

number of class members are such that it would be economically unfeasible for them to

individually litigate their claims; (b) the factual and legal issues common to all class

members far outweigh any individual questions; (c) the prosecution of separate lawsuits

by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

WHEREFORE, Plaintiff prays that this Court enter judgment:

(a)  awarding damages to Plaintiff and class members;

(b)  awarding interest, costs, and reasonable attorney's fees;

(c)  ordering such further relief as shall be just and proper.

### COUNT III: Violations of G. L. c. 93A

32.  The allegations of paragraphs 1 - 31 are incorporated herein as if fully set forth.

33.  At all relevant times, Defendant was engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

34.  Defendant has committed and is continuing to commit unfair and deceptive acts and practices, as set forth above, in violation of G. L. c. 93A, §2.  Defendant's unfair and deceptive practices have included, without limitation: collecting and attempting to collect consumer debts while unlicensed in violation of  G. L.  c. 93, §§24-28; using false, deceptive, or misleading representations or means in connection with the collection of consumer debts in violation of 209 CMR 18.16; and threatening to take actions that cannot legally be taken in violation of 209 C.M.R. 18.16(5).

35.  Defendant's unlawful conduct was knowing and/or willful within the meaning of G.L. c. 93A, §9.

36.  Plaintiff and class members were injured in one or ways by Defendant, including but not limited to being subjected to unlawful collection activity, paying money to Defendant, and paying money to attorneys for professional counsel and/or representation.

37.   On July 5, 2016, Plaintiff sent Defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the unlawful acts and practices complained of and injuries suffered.  Thirty (30) days have elapsed since Defendant's receipt of Plaintiff's demand, and Defendant has not made a reasonable written tender of settlement.

38.   Defendant's refusal to make a timely, reasonable, and written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, §2.

### Class Allegations

39.   Plaintiff brings Count III on behalf of herself and a class of other persons similarly situated.  The class consists of all Massachusetts residents against whom Defendant, on or after July 20, 2012, directly or indirectly took any actions to collect a consumer debt acquired by Defendant after default, including but not limited to the actions set forth in paragraph 4, above.  Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability.  On information and belief, there are at least one hundred class members, making joinder impracticable.

40.   There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members.  Common issues include, but are not limited to: (a) whether Defendant was required to be licensed as a "debt collector" in Massachusetts; (b) whether Defendant was engaged in trade or commerce in Massachusetts; (c) whether Defendant's unlicensed collection actions violated G.L. c. 93A; (d) whether Defendant's violations of G.L. c. 93A were willful

or knowing in nature; (e) whether Defendant's refusal to make a timely and written

reasonable tender of settlement in response to Plaintiff's demand was in bad faith

with knowledge or reason to know that its conduct violated G.L. c. 93A; (f) whether

judgments obtained by Defendant in violation of the Massachusetts licensing statute

are void; (g) whether Defendant's ill-gotten gains from its unlicensed collection

actions are subject to disgorgement; and (h) whether Defendant is liable for damages

to class members. The only individual questions involve the specific amounts of money to

be awarded to each class member, which can be addressed and resolved through a

ministerial review of Defendant's records and a straightforward claims process.

41.    Plaintiff's claims are typical of the claims of class members. All claims are

based on the same legal theory, and all arise from the same course of conduct.

42.    Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is

committed to a vigorous and successful prosecution of this action, is familiar with the legal and

factual issues involved, and has retained counsel experienced in the litigation of consumer rights

cases, including consumer class actions. Neither Plaintiff nor counsel have any interest or

conflict that might cause them to not vigorously pursue this action.

43.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy, since: (a) the financial losses suffered by a substantial

number of class members are such that it would be economically unfeasible for them to

individually litigate their claims; (b) the factual and legal issues common to all class

members far outweigh any individual questions; (c) the prosecution of separate lawsuits

by individual class members would entail the risk of inconsistent and conflicting

adjudications; and (d) there will be no unusual or extraordinary management difficulties

in administering this case as a class action.

WHEREFORE, Plaintiff requests that this Court enter judgment:

(a) ordering Defendant to disgorge all monies received from Plaintiff and class members as a result of its unlawful collection activities;

(b) awarding damages equal to amounts paid by Plaintiff and class members for legal advice and representation in defending against Defendant's unlawful collection activities;

(c) doubling or trebling all amounts of money awarded to Plaintiff and class members;

(d) declaring all judgments obtained by Defendant against class members to be null and void;

(e) declaring all executions, liens, attachments, garnishments, levies, and asset seizures directed or obtained against class members to be null and void;

(f) ordering Defendant to take all necessary steps, within thirty (30) days of judgment, to have all pending lawsuits and all pending post-judgment collection actions against class members dismissed;

(g) enjoining Defendant from attempting to collect or collecting any defaulted consumer debt in Massachusetts without a license as required by law;

(h) awarding interest, costs, and reasonable attorney's fees;

(i) ordering such further relief as shall be just and proper.


**PLAINTIFF REQUESTS TRIAL BY JURY.**

Plaintiff, by her attorneys:

Kenneth D. Quat
BBO#408640
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com

Josef C Culik
BBO#672665
CULIK LAW, P.C.
225 Franklin St., 26th Floor
Boston MA 02114
617-830-1795
jculik@culiklaw.com